**[6ord25][MORTAGE MODIFICATION MEDIATION ORDER]**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                                      Case No. 6:11−bk−03116−KSJ
                                                                                             Chapter 13

Kenneth N Duncan
1632 Woodstone Drive
Apopka, FL 32703




_____Debtor(s)_____/

## MORTGAGE MODIFICATION MEDIATION ORDER

   This case was considered by the Court on the debtor[s] Motion for Mortgage Modification Mediation (Doc. No. 16 ). Finding that the debtor[s] desire to retain their primary residence and have stated that they have sufficient income to justify mediation with the goal of modifying the current mortgage[s] encumbering their primary residence, it is:

   ORDERED:

   1. The debtor[s] and Litton Loan Servicing are ordered to attend mediation to be scheduled within 60 days of the date of this order.

   2. Counsel for creditor[s] shall review the debtor[s]' financial information filed in connection with this case and notify the debtor[s] of any additional financial records they must supply to the creditor[s] and to the mediator at least 14 days prior to the scheduled mediation. Debtor[s] shall provide creditor[s]' counsel all reasonably requested additional financial records. If a debtor is married but the spouse is not a debtor, creditor[s] may request financial information from the non−filing spouse in anticipation of the mediation.

   3. Within 14 days of the entry of this order, counsel for creditor[s] shall coordinate the date, time, and place of the mediation at a mutually convenient time working directly with debtor[s]' counsel, or, if unrepresented, the debtor[s].

   4. The parties shall select a mediator from this Court's list of approved mediators or one approved by a Florida state court to mediate mortgage foreclosure disputes.

   5. If the parties are unable to agree or to secure a mediator within 14 days of the entry of this order, counsel for creditor[s] shall immediately notify the Court, in writing, so that the Court can appoint an acceptable mediator and schedule mediation.

   6. A SPECIALIST FROM THE CREDITOR[S]' MORTGAGE MODIFICATION DEPARTMENT WITH FULL AUTHORITY TO SETTLE MUST PARTICIPATE IN THE MEDIATION AND ATTENDANCE OF THE REPRESENTATIVE MUST BE CONTINUOUS THROUGHOUT THE MEDIATION SESSION. Failure of the creditor[s]' representative to attend a scheduled mediation may result in sanctions. Both counsel for the creditor[s] and the creditor[s] representative may participate by telephone, if desired.

   7. All parties are directed to comply with the express terms of this order and to engage in the mediation process in good faith. Failure to do so may result in the imposition of damages and sanctions.

8. Within 7 days of the conclusion of the mediation, the mediator is directed to file a written report indicating whether any agreement on a mortgage modification was reached. Parties are directed to promptly seek any necessary court approval for the mortgage modification and to formalize the modification in any needed legal documents.

9. Prior to attending the mediation, the debtor[s] shall pay to the Chapter 13 Trustee the mediation cost of $306.00 for two hours of mediation. The Chapter 13 Trustee is directed to disburse to the mediator this fee promptly upon the mediator filing a report concluding the mediation. The mediator also is entitled to the full $306 fee (and the Chapter 13 Trustee is authorized to disburse the fee) if the debtor[s] fail to timely cancel the mediation session or to attend a scheduled mediation session.

10. Counsel for the creditor[s] are entitled to receive a fee for $300 for all work involved in connection with the mediation, including requesting and reviewing documents, preparing for the mediation, scheduling the mediation, and attending the mediation.

11. Counsel for the debtor[s] is entitled to receive a fee of not more than $300 for all work involved in connection with the mediation.

12. All statements made by the parties, attorneys, and other participants at or associated with the mediation shall be privileged and not reported, recorded, or placed into evidence, made known to the Court, or construed for any purposes as an admission. No party shall be bound by any statement made or action taken at the mediation conference unless an agreement is reached.

13. The automatic stay is modified, to the extent necessary, to allow the debtor[s] and creditor[s] to negotiate loan modification terms during the pendency of this case. The parties shall timely submit any agreed loan modifications to the Court for approval.

DONE AND ORDERED on April 12, 2011 .

_____
Karen S. Jennemann
United States Bankruptcy Judge